# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1595V

|  |  |
|---|---|
| JOANNE DAVIES,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 17, 2025 |

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, *for Petitioner*.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, *for Respondent*.

### DECISION AWARDING DAMAGES[1]

On November 16, 2020, Joanne Davies filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following her receipt of an influenza vaccination on November 22, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 5, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On December 17, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $56,823.40, comprised of $53,000.00 for pain and suffering and $3,823.40 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $56,823.40, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| JOANNE DAVIES,  )<br>  )<br>        Petitioner,  )<br>  )<br>v.  )<br>  )<br>SECRETARY OF HEALTH AND HUMAN  )<br>SERVICES,  )<br>  )<br>        Respondent.  )<br>  ) | No. 20-1595V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 16, 2020, Joanne Davies ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on November 22, 2019. Petition at 1. On August 17, 2023, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that she has established entitlement to compensation for a shoulder injury related to vaccine administration. ECF No. 29. Respondent filed his Response to Petitioner's Motion on October 13, 2023, recommending that entitlement to compensation be denied. ECF No. 31. On June 5, 2025, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 36.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's June 5, 2022, entitlement decision.

I.  **Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $53,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,823.40. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

II.  **Form of the Award and Recommended Payments Following Judgement**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$56,823.40** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Joanne Davies.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

                                        Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        JONATHAN D. GUYNN
                                        Acting Director
                                        Torts Branch, Civil Division

                                        HEATHER L. PEARLMAN
                                        Deputy Director
                                        Torts Branch, Civil Division

                                        JULIA M. COLLISON
                                        Assistant Director
                                        Torts Branch, Civil Division

                                        <u>/s/ Mitchell Jones</u>
                                        MITCHELL JONES
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 146
                                        Benjamin Franklin Station
                                        Washington, D.C. 20044-0146
                                        Tel:  (202) 305-1748
                                        mitchell.jones@usdoj.gov

DATED:  December 17, 2025

3